## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1)  DONALD and DEBRAH MOYERS,** husband and wife, | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| **(1)  WASHINGTON NATIONAL INSURANCE COMPANY, a foreign corporation;** | ) ) ) ) | **CIVIL ACTION NO. 6:13-cv-00210-KEW** |
| **(2)  CONSECO HEALTH INSURANCE COMPANY, formerly known as CAPITAL AMERICAN LIFE INSURANCE COMPANY, a foreign corporation; and** | ) ) ) ) ) | |
| **(3)  LYNDELL ENGLISH, an individual,** | ) ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

**COME NOW** defendants, Washington National Insurance Company ("Washington National") and Conseco Health Insurance Company[1] ("Conseco Health") (or collectively "Defendants"), by and through their counsel, and pursuant to 28 U.S.C. § 1332 and § 1441, as amended, hereby give notice of the removal of this action to the United States District Court for the Eastern District of Oklahoma.  As grounds for this removal, Defendants state as follows:

1.      On or about April 8, 2013, Donald and Debrah Moyers ("Plaintiffs") commenced a civil action against Washington National, Conseco Health, and Lyndell English ("English") in

---

[1] Effective October 1, 2010, Conseco Health Insurance Company merged into and is now known as Washington National Insurance Company.

1/2477740.1

the District Court of Carter County, Oklahoma, Case No. CJ-2013-83.  The District Court of

Carter County, Oklahoma is a state court within this judicial district.

2.      A copy of the District Court of Carter County's file is attached hereto (**Exhibit 1**:

State Court Docket Sheet, **Exhibit 2**: Petition, **Exhibit 3:** Notices of Appearance, **Exhibit 4:**

Return of Service for Washington National, **Exhibit 5:**  Return of Service for English).  There

have been no other process, pleadings or orders served to date other than those attached.

3.      This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because

Defendants were served with the summons and petition on April 12, 2013.

4.      This case is properly removable pursuant to 28 U.S.C. § 1441(a), which provides,

in pertinent part, as follows:

> (a)      Generally. – Except as otherwise expressly provided by Act
> of Congress, any civil action brought in a State court of which the
> district courts of the United States have original jurisdiction, may
> be removed by the defendant or the defendants, to the district court
> of the United States for the district and division embracing the
> place where such action is pending.

28 U.S.C. § 1441(a).

## I.      DIVERSITY OF CITIZENSHIP

5.      This action is properly removable under 28 U.S.C. § 1441 because the United

States District Court has original jurisdiction of this case under 28 U.S.C. 1332(a), as amended,

which provides, in pertinent, part, as follows:

> (a)      The district courts shall have original jurisdiction of all
> civil actions where the matter in controversy exceeds the sum or
> value of $75,000, exclusive of interest and costs, and is between - -
>
> (1)      citizens of different States . . . .

6.      On information and belief, Plaintiffs are citizens of Oklahoma.  (Petition, ¶ 1).

7.      Washington National is not a citizen of Oklahoma.  Washington National is now,

and was at the time of the commencement of this action, an insurance company organized and

2

1/2477740.1

existing under the laws of the State of Indiana with its principal place of business in the State of

Indiana.   (Petition, ¶ 2).

8.      Conseco Health is not a citizen of Oklahoma.  In 2010, Conseco Health merged

into Washington National, which is an insurance company organized and existing under the laws

of the State of Indiana with its principal place of business in the State of Indiana.   (Petition, ¶ 2).

9.      Upon information and belief, Lyndell English, who has been improperly joined, is

a citizen of Oklahoma.

## *Fraudulent Joinder*

10.     Plaintiffs have attempted to destroy diversity jurisdiction by improperly joining

Mr. English.  A fraudulently-joined resident defendant, however, will not defeat removal on

diversity grounds.  *See Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1276

(N.D. Okla. 2006).

11.     This case involves a dispute over coverage under a cancer insurance policy,

numbered 302,717,580 ("Policy").  A copy of the Policy is attached hereto as Exhibit 6.

Plaintiffs contend that Donald Moyers, the policy owner, was diagnosed with a cancerous tumor

that entitled him to coverage under the terms of the Policy.  Washington National denied Mr.

Moyers' claim on the basis that the pathology reports he submitted did not confirm a diagnosis of

cancer. (March 16, 2012 Letter, Exhibit 7).

12.     It is undisputed that Mr. Moyers had a tumor that was diagnosed as "desmoid

fibromatosis."   Plaintiffs contend that this desmoid tumor entitles him to benefits under the

Policy.

13.     The Policy pays certain benefits for loss due to cancer.  (Policy, § 3, p. 4).  The Policy excludes coverage for any disease or condition that is not cancer.  (*Id*. at § 5, p. 8).  The Policy defines cancer as follows:

**CANCER**     Means a disease which expresses itself as:
- *a malignant tumor characterized by the uncontrolled growth and spread of malignant cells and the invasion of body tissues by such malignant cells*;
- leukemia; or,
- Hodgkin's disease.

Cancer does not include premalignant conditions, conditions with malignant potential, or pre-leukemic conditions.

(Policy, p. 2) (emphasis added).

14.     A desmoid tumor is not a malignant tumor characterized by the uncontrolled growth and spread of malignant cells.  As the court noted in *Harcourt v. Cincinnati Bell Telephone Co.*, 383 F. Supp. 2d 944, 950 (S.D. Ohio 2005), "'[d]esmoid tumors are benign. They never metastasize (spread to other parts of the body).'"  Merriam-Webster's Medical Dictionary, which serves as the medical dictionary for the website of the U.S. National Library of Medicine, defines a desmoid tumor as "a dense benign connective-tissue tumor."[2]  Similarly, MedicineNet.com, a division of WebMD, defines a desmoid tumor as "[a] benign soft-tissue tumor that does not spread to other parts of the body."[3]  Because a desmoid tumor does not satisfy the definition of cancer set forth in the Policy, Mr. Moyers' claim for benefits was denied.

15.     Although this case is obviously based on a coverage dispute between Plaintiffs and Washington National, Plaintiffs seek to thwart federal jurisdiction by attempting to conjure up a fraud claim against Mr. English based on alleged oral statements that were purportedly

---

[2] http://www.nlm.nih.gov/medlineplus/mplusdictionary.html.

[3] http://www.medicinenet.com

1/2477740.1

made eleven years ago, before the Policy was issued.  Specifically, Plaintiffs allege Mr. English met with them before they purchased the Policy and represented that the Policy would provide coverage for cancer in any form.  (Petition, p. 5).  Plaintiffs also allege that Mr. English failed to inform them that there would be differentiation between tumors based on whether the tumors have metastasized or normally metastasize.  (*Id*.).

16.    Plaintiffs' fraud claim against Mr. English fails for four reasons.  First, Plaintiffs' fraud claim is barred by the two-year statute of limitations because Plaintiffs were placed on notice of their claim when they received the Policy in 2002.  OKLA. STAT. tit. 12, § 95(3); *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1282-83 (N.D. Okla. 2006).  The Policy clearly explains the coverage it provides, and even sets forth a precise definition for cancer.  (Policy, p. 2, Ex. 6).  If Mr. English did, in fact, misrepresent the terms of the Policy, then Plaintiffs' fraud claim is time-barred because the Policy put Plaintiffs on notice of the alleged misrepresentations back in 2002.  *See Slover*, 443 F. Supp. 2d at 1282-83.  Conversely, if Mr. English did *not* misrepresent the terms of the Policy, then Plaintiffs' fraud claim would fail as a matter of law because that would mean Mr. English did not make a misrepresentation.  Either way, Plaintiffs have no possibility of recovery on their fraud claim against Mr. English.

17.    Second, Plaintiffs' fraud claim is not actionable because it is based on representations regarding future events.  *See, e.g., Slover*, 443 F. Supp. 2d at 1282-83.  Clearly, any representation regarding how Conseco Health would pay benefits in the future was clearly a representation regarding a future event.  Moreover, Plaintiffs' cannot argue that the representation involved a matter peculiarly within Mr. English's knowledge because they were equally capable of reading the Policy and determining what it covered.  *See id*. at 1282.

1/2477740.1

Accordingly, Plaintiffs have no possibility of recovery against Mr. English for this separate and independent reason.

18.     Third, Plaintiffs' purported reliance on the alleged representations of Mr. English was not reasonable.  Plaintiffs allege that the representations occurred on August 6, 2002, the same day Mr. Moyers signed the application for the Policy.   (Petition, ¶ 14; Policy at Application, Ex. 6).  In the "Applicant's Statement" on the last page of the application, Mr. Moyers agreed that "[t]he agent has no authority to approve the application, change the policy or waive any policy provisions."  (Policy at Application, Ex. 6).  In addition, the Policy expressly provided Mr. Moyers with a ten-day "free-look" period during which he could have returned the Policy and received a complete refund of premium.  (Policy, p. 1, Ex. 6).  Moreover, the Policy clearly stated:  "No change to this policy is valid unless it is in writing, endorsed by one of our officers, and attached to this policy.  No one else has the authority to change this policy or to waive any of its provisions."  (*Id*. at p. 9).  The Policy also contained an integration clause, which provided that the "entire contract" consisted of the policy schedule, the policy, any attached riders and endorsements, and all applications.  (*Id*. at pp. 8-9).  In light of these provisions, Plaintiffs could not have reasonably relied on any misrepresentations from Mr. English regarding coverage afforded by the Policy.  *See Slover*, 443 F. Supp. 2d at 1281-82.  Accordingly, Plaintiff's fraud claim fails for this separate and independent reason.

19.     Finally, Plaintiffs have suffered no damages from the alleged misrepresentations.  Plaintiffs allege Mr. English falsely represented that the Policy would cover all types of cancer and that he failed to disclose that the Policy would not cover certain types of cancer.  But the reason Washington National denied Mr. Moyers' claim was *because he did not have cancer*, not because he had a form of cancer that was not covered by the Policy.  As a result, even if Mr.

1/2477740.1

English had represented that the Policy would cover all types of cancer, and even if that representation was false, any such misrepresentation is not the cause of Plaintiffs' purported damages because that was not the basis for the denial of Mr. Moyers' claim. Mr. Moyers' claim was denied because the pathology reports he submitted did not show a positive diagnosis of cancer. Plaintiffs do not allege that Mr. English told them that benefits would be paid for conditions that do not constitute cancer. Therefore, because Plaintiffs suffered no damages from Mr. English's alleged misrepresentations, Plaintiffs have no possibility of recovery against Mr. English.

20.     For the foregoing reasons, Plaintiffs have no possibility of recovery against Mr. English, the only non-diverse defendant. Accordingly, Mr. English is fraudulently joined and his citizenship should be disregarded for purposes of determining diversity jurisdiction.

## II.     AMOUNT IN CONTROVERSY

21.     The amount in controversy in this action clearly exceeds the sum or value of $75,000, exclusive of interest and costs.

22.     In their Petition, Plaintiffs demand in excess of $75,000 in compensatory and punitive damages, respectively. (Petition, p. 7). Accordingly, the amount in controversy in this action clearly exceeds the $75,000 jurisdictional threshold.

## III.     ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

23.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

24.     Defendants have heretofore sought no similar relief.

1/2477740.1

25.     A copy of this notice is being filed with the Clerk of the District Court of Carter County, Oklahoma, as provided under 28 U.S.C. § 1446.  Defendants are also giving prompt written notice to Plaintiffs of the filing of this Notice of Removal**.**

**WHEREFORE, PREMISES CONSIDERED**, Defendants Washington National Insurance Company and Conseco Health Insurance Company request that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court of Carter County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma.

DATED this 13th day of May, 2013.

Respectfully submitted,


*s/C. William Threlkeld*
C. William Threlkeld, OBA 9005
cwthrelkeld@fentonlaw.com
Brion B. Hitt, OBA 19120
bbhitt@fentonlaw.com
FENTON, FENTON, SMITH, RENEAU & MOON
211 North Robinson, Suite 800 N
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-4671
Facsimile:  (405) 235-5247

*Attorney for Defendants Washington National Insurance Company and Conseco Health Insurance Company*

8

1/2477740.1

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and also served on the following by placing same in the U.S. Mail, postage prepaid and properly addressed, this 13th day of May, 2013.

        Steven S. Mansell
        Mark A. Engel
        Kenneth G. Cole
        Mansell Engle & Cole
        101 Park Avenue, Suite 665
        Oklahoma City, OK  73102

                                        *s/C. William Threlkeld*
                                        OF COUNSEL

1/2477740.1