IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD and DEBRAH MOYERS, individuals residing in Oklahoma,<br><br>Plaintiffs,<br><br>v.<br><br>(1) WASHINGTON NATIONAL INSURANCE COMPANY, an Indiana corporation,<br>(2) CONSECO HEALTH INSURANCE COMPANY, formerly known as Capital American Life Insurance Company, an Indiana corporation,<br>(3) LYNDELL ENGLISH, an individual, residing in Oklahoma,<br><br>Defendants. | Case No. CIV-13-210-RAW |

## ORDER

Before the court is Plaintiffs' motion to remand [Docket No. 12]. Plaintiffs filed their Petition in the District Court of Carter County in the State of Oklahoma on April 8, 2013. Defendants state in their Notice of Removal that they were served with the summons and petition on April 12, 2013. Defendants timely filed their Notice of Removal on Monday, May 13, 2013. See 28 U.S.C. § 1446 (b); Fed. R. Civ. P. 6 (a)(1). In their Notice of Removal, Washington National Insurance Company and Conseco Health Insurance Company (hereinafter collectively "the Insurers") maintain that Lyndell English (hereinafter "the Agent") was improperly joined in an attempt by Plaintiffs to defeat diversity jurisdiction.

**BACKGROUND**

In their Petition, Plaintiffs claim the Insurers are liable for breach of the implied covenant of good faith and fair dealing and the Agent is liable for false representation, concealment and

deceit.  Plaintiff Donald Moyers purchased a cancer policy from the Insurers effective August 14, 2002.  Plaintiffs claim that on August 6, 2002, the Agent came to their home and solicited the sale of the cancer policy.  Plaintiffs claim the Agent "emphasized that this policy would pay benefits for any treatment of cancer and for any condition related to the treatment of cancer."  Plaintiffs claim the Agent further "promised that the policy would pay for treatment for cancer in any form and provided coverage for every conceivable type of cancer."

Plaintiffs claim that Donald Moyers was first diagnosed with having internal cancer on March 20, 2009 and that the doctor who performed Mr. Moyers' surgery indicated that his tumor was a malignancy.  The parties inform the court that Mr. Moyers has a desmoid tumor.  The parties have further provided the court with a copy of the cancer policy.  The policy defines cancer as follows: "a disease which expresses itself as: a malignant tumor characterized by the uncontrolled growth and spread of malignant cells and the invasion of body tissues by such malignant cells; leukemia; or, Hodgkin's disease.  Cancer does not include premalignant conditions, conditions with malignant potential, or pre-leukemic conditions."  The policy does not define the term "malignant."  Defendants argue desmoid tumors are not malignant.  Plaintiffs argue and provide evidence that desmoid tumors may be malignant.

**ANALYSIS**

When a civil action is brought in a state court "of which the district courts of the United States have original jurisdiction," the defendants may remove the action to federal court.  28 U.S.C. § 1441(a).  Removing defendants bear the burden of establishing jurisdiction.  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).  "Moreover, there is a presumption against removal jurisdiction."  Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).

Defendants removed this action based on diversity jurisdiction, 28 U.S.C. § 1332(a), and argue that although the Agent is not diverse, he was fraudulently joined to defeat diversity jurisdiction. A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

The case law places a heavy burden on a defendant asserting fraudulent joinder. Montano v. Allstate Indem., 211 F.3d 1278 (10th Cir. 2000)(unpublished). District courts are to resolve disputed questions of fact and ambiguities in the controlling law in the plaintiff's favor and then determine whether the plaintiff "has any possibility of recovery against the party whose joinder is questioned." Id. "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." Id.

In cases where a defendant alleges fraudulent joinder, the Tenth Circuit has directed district courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Nerad v. AstraZeneca Pharmaceuticals, Inc., 203 Fed.Appx. 911, 913 (10th Cir. 2006) (citing Dodd v. Fawcett Publ'ns, Inc. 329 F.2d 82, 85 (10th Cir. 1964)). "In doing so, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Id. "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id.

While the court is to pierce the pleadings, the court is not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."  Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967); Dodd, 329 F.2d at 85.  Furthermore, the Tenth Circuit is in agreement with the Third Circuit that "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."  Brazell v. Waite, No. 12-4047, 2013 WL 2398893, at *3 (10th Cir. June 4, 2013)(citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 853 (3d Cir. 1992)).

Plaintiffs claims against the Agent are for false representation, concealment and deceit.  In Oklahoma, actual fraud is defined as any of the following acts committed to induce a party into entering a contract: (1) the suggestion, as a fact, of that which is not true, by one who does not believe it to be true, (2) the positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true, (3) the suppression of that which is true, by one having knowledge or belief of the fact, (4) a promise made without any intention of performing it, or (5) any other act fitted to deceive.  15 OKLA. STAT. § 58.

Plaintiffs claim that the Agent fraudulently represented that the cancer policy would cover all types of cancer, yet the policy ambiguously limited coverage to certain types of cancer deemed non- or pre-malignant.  The limitation is ambiguous because the policy does not define "malignant."  Plaintiffs have presented argument and evidence regarding the definition of the term "malignant," and whether desmoid tumors are considered malignant.

Defendants argue that the fraud claim fails because it is barred by the statute of

4

limitations, it is based on representations regarding future events, there was a lack of reasonable reliance upon it and it did not cause Plaintiffs any damages because Mr. Moyers does not have "cancer." The court is not convinced. For example, because the contract is ambiguous, a court could find that Plaintiffs would not have been on notice upon a reading of the contract that it would not live up to the representations of the Agent. The court is equally unconvinced by Defendant's future events argument. The alleged misrepresentation was based on an existing fact, i.e. the policy's definition of cancer.

Defendants have not met their burden of establishing fraudulent joinder. There is a reasonable basis to believe that Plaintiffs might succeed in their claims against the Agent, and this court will not "pre-try" the cause of action. As the parties are not completely diverse and Defendants have not met their burden of establishing fraudulent joinder, this court lacks jurisdiction.

**CONCLUSION**

The motion to remand [Docket No. 12] is hereby GRANTED. This case is hereby remanded to the District Court of Carter County in the State of Oklahoma. Accordingly, the motions to dismiss [Docket Nos. 6 and 8] are DENIED as MOOT.

IT IS SO ORDERED this 12th day of August, 2013.

**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**